UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DALLAS YUSEF GOODLOE,

              Plaintiff,

vs.                          Case No.  2:11-cv-236-FtM-99DNF

VICKIE   LANGFORD,   Warden,
Individually  and  in  her  Official
Capacity  as  Warden  of  Hendry  C.I.,
et al.,

              Defendants.
_____/

## OPINION AND ORDER

This matter comes before the Court upon review of the Motions to Dismiss filed on behalf of Defendants Langford, Mount, Sexton, Leavins, Wellhausen, Buss (Doc. #53, Motion), and Baysah (Doc. #61, Baysah Mot).  Plaintiff filed responses in opposition to the Defendants' respective Motions (Doc. #56, Response; Doc. #61 Baysah Response).  This matter is ripe for review.

### I.

Dallas Goodloe, a Florida prisoner, initiated this action by filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1).  Plaintiff is proceeding on his Amended Complaint (Doc. #52, Amended Complaint).

The facts giving rise to the Amended Complaint stem from a search for contraband that took place at Hendry Correctional Institution's law library on June 25, 2010.  See generally Amended Complaint.  Plaintiff alleges that at 8:30 in the morning

on June 25th, Defendant Leavins and a "Rapid Response Team" (hereinafter "RRT") entered the law library to conduct a search for contraband. Id. at 9. Because an unidentified correctional officer on the RRT found contraband, Plaintiff claims Defendant Leavins ordered the RRT to "dismantle and throw away any and all things found." Id.

Plaintiff, who is an inmate law clerk, claims he entered the law library for the first time since the contraband search on June 28th. Id. Plaintiff alleges that "18 years" worth of legal material he had stored in a locked filing cabinet was destroyed. Id. Plaintiff confirmed that the legal documents were thrown away in "rolling trash bins." Id. at 10-11. On June 30th, Plaintiff states that he approached Defendants Langford and Mount to ask why the legal materials were thrown away. Id. at 10. Plaintiff alleges that in response Defendant Langford asked him, "was it was stored correctly?" When Plaintiff explained that the legal materials were locked in a filing cabinet, Langford responded, "see it wasn't properly stored." Id. As a result of the destruction of the legal work, Plaintiff claims that he received a denial from the State appellate court on a postconviction matter. Id. at 12. As relief, Plaintiff seeks monetary damages and declaratory relief. Id. at 19-20.

Defendants Langford, Mount, Sexton, Leavins, Wellhausen, Buss, and Baysah move to dismiss the Amended Complaint. See generally

-2-

Motion; Baysah Mot.  *Inter alia*, Defendants argue that the Amended Complaint does not allege that Plaintiff had the requisite approval to store legal documents in the filing cabinet and point to Fla. Admin. Code Rule 33-501(7).  Fla. Admin. Code Rule 33-501 requires that inmate law clerks receive permission from the law library supervisor to keep legal documents stored in the library.  If approved, the legal documents remain stored in the library only as long as it takes to prepare the needed legal documents or for 20 calendar days, which ever is shorter.  Motion at 3-4; Baysah Mot. at 3-4.  According to the rule, failure to have the requisite approval would lead to disciplinary action.  Id.  Additionally, Defendants argue that the Amended Complaint alleges no facts showing that the search of the law library was done for any other reason than to preserve internal order and discipline and to maintain institutional security.  Motion at 4; Baysah Mot. at 7.  Defendants also raise Eleventh Amendment Immunity and Qualified Immunity.  Motion at 8-10 ; Baysah Mot. at 8-9, 10.

## II.

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.  La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the

light most favorable to the plaintiff.   <u>Pielage v. McConnell</u>, 516 F.3d 1282, 1284 (11th Cir. 2008).    Conclusory allegations, however, are not entitled to a presumption of truth.   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the <u>Twombly-Iqbal</u> plausibility standard when reviewing a complaint subject to a motion to dismiss.   <u>Randall v. Scott</u>, 610 F.3d 701, 708, fn. 2 (11th Cir. 2010).    A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).   The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim.   <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007);   <u>Marsh</u>, 268 F.3d at 1036 n.16.   Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   <u>Id.</u> at 555 (citations omitted).   Thus, "the-defendant-unlawfully harmed me accusation" is insufficient.   <u>Ashcroft</u>, 129 S. Ct. at 1949.   "Nor does a complaint

-4-

suffice if it tenders naked assertions devoid of further factual enhancement." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted) (abrogating Conley, 355 U.S. 41 in part). Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Liberally construed, the Court finds the Amended Complaint alleges a claim under the First and Fourteenth Amendments of the United

States Constitution against Defendant Leavins.  The Court finds the Amended Complaint fails to state any claims as to any of the other Defendants.

### A.  Defendant Leavins

#### 1.  First Amendment-Interference with Access to Court

Liberally construed, the Amended Complaint alleges a First Amendment interference with access to the Court claim against Defendant Leavins.  Interference with an inmate's access to the court constitutes a First Amendment[1] violation, which is actionable under 42 U.S.C. § 1983.  Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991).  Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."  Bounds, 430 U.S. at 825.

The Supreme Court made clear that a plaintiff who alleges a denial of access to court claim must show how the interference caused the plaintiff harm or prejudice with respect to the litigation.  Lewis, 518 U.S. at 349-351.  "The injury requirement is not satisfied by just any type of frustrated legal claim."  Id. at 354.  For example, a plaintiff must show that the denial of access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. §

---

[1]The protections of the First Amendment apply to the states through the Fourteenth Amendment.  See e.g. New York Times v. Sullivan, 376 U.S. 254, 276-78 (1964) (applying the First Amendment to the states).

-6-

1983 "to vindicate 'basic constitutional rights.'" Id. (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)). Moreover, a plaintiff cannot establish injury unless the case that plaintiff was unable to pursue had arguable merit. Lewis, 581 U.S. at 353; Wilson, 163 F.3d 1291.

Here, the Amended Complaint alleges that Defendant Leavins entered the law library with the RRT to search the law library for contraband and when contraband was found, Leavins directed that all legal materials be thrown away. Amended Complaint at 8. Plaintiff alleges that 18 years worth of legal materials, including legal documents that he required for a postconviction case, were thrown away. Id. Thus, the interference in this case arises from destruction of Plaintiff's legal materials. As a result, Plaintiff claims he was "unable to meet the time restraints" and "not able to litigate his actual innocence claim in Federal Court." Id. at 12. Defendants do not address Plaintiff's access to Court claim in their Motion. Thus, the Court finds the Amended Complaint contains sufficient facts to state a First Amendment interference with access to Court claim against Defendant Leavins in his official[2] and individual capacities.

## 2. Fourteenth Amendment- Deprivation of Property

Liberally construed, the Amended Complaint also alleges that Plaintiff was deprived of his legal documents in violation of the

---

[2]The Court does not dismiss the claims against Leavins in his official capacity at this stage of the proceedings.

Fourteenth Amendment.  Amended Complaint at 16;  see also Reply at 2 (arguing "not one time have [Defendants] stated any rule that lawfully allows them to destroy a prisoner's legal material under any circumstance without any due process.").  A substantive due process violation occurs when executive action can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense. County of Sacremento v. Lewis, 523 U.S. 833, 847 (1998)(citations omitted).  The threshold question is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience. Lewis, 523 U.S. at 847.

An inmate states a cognizable procedural due process claim when he alleges a deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994).  The Supreme Court has held that the negligent or intentional deprivation of property by a state employee does not violate the Fourteenth Amendment Due Process Clause if a meaningful, post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). "To determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." Zinermon v. Burch, 494 U.S. 113, 126 (1990).

-8-

Here, Plaintiff alleges that Defendant Leavins directed the destruction of 18 years worth of Plaintiff's legal materials, without prior notice, and with no way to retrieve them. Plaintiff points to excerpts from certain prison regulations that generally discuss that legal material will be returned to the owner and "in no event" will active legal materials be destroyed except in accordance with procedure. Response at 1. While a correctional officer's violation of prison regulations does not amount to a violation of the federal constitution, liberally construing the Amended Complaint and accepting as true the facts at this stage of the proceedings, it appears Plaintiff argues that these prison regulations created a protected right. Because Defendants' Motion to Dismiss does not address either of Plaintiff's Due Process claims, the Court will allow the parties to develop the facts and record. See Morefield v. Smith, 404 F. App'x 443, (11th Cir. 2010)(unpublished)(affirming district court's order granting defendants' motion for summary judgment on prisoner plaintiff's Due Process claim stemming from destruction of legal property).

### B. Defendants Secretary, Langford, Mount, Sexton, Baysah, and Wellhausen

Plaintiff names the Secretary of the Florida Department of Corrections, Warden Langford, Assistant Warden Mount and Assistant Warden Sexton as Defendants. See Amended Complaint. It appears Plaintiff names these Defendants based on their respective supervisory positions. The Supreme Court has soundly rejected the

possibility of *respondeat superior* as a basis of liability in §
1983 actions.  <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658, 690-692
(1978).  Supervisory liability can be imposed under § 1983 "either
when the supervisor personally participates in the alleged
constitutional violation or when there is a causal connection
between the actions of the supervising official and the alleged
constitutional deprivation."  <u>Brown v. Crawford</u>, 906 F.2d 667, 671
(11th Cir. 1990).

The Amended Complaint contains no factual allegations
suggesting that Defendants Buss, Langford, Sexton, or Mount
personally participated in the search of the law library, or in the
destruction of the legal materials.  Absent personal participation
by Defendants, Plaintiff must show an affirmative causal connection
between his acts and the alleged constitutional deprivation.
<u>Harris v. Ostrout</u>, 65 F.3d 912, 917 (11th Cir. 1995).  The causal
connection can be established "when a history of widespread abuse
puts the responsible supervisor on notice of the need to correct
the alleged deprivation, and he fails to do so [,]" or when a
custom or policy of the supervisor results in deliberate
indifference to constitutional rights.  <u>Cottone</u>, 326 F.3d at 1360
(quoting <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1234 (11th Cir. 2003)).
"The deprivations that constitute widespread abuse sufficient to
notify the supervising official must be obvious, flagrant, rampant
and of continued duration, rather than isolated occurrences."
<u>Brown</u>, 906 F.2d at 671.   Alternatively, facts supporting an

-10-

inference that the supervisor directed the subordinates to act unlawfully or knew that they would do so and failed to stop them establishes a causal connection.   Cottone, 326 F.3d at 1360 (quoting Gonzalez, 325 F.3d at 1234) (remaining citations omitted).

The Amended Complaint fails to allege a causal connection between Defendants Buss, Langford, Sexton, and Mount, and the incident at issue *sub judice*.  A review of the Amended Complaint reveals that Edwin Buss' name is mentioned nowhere.  Consequently, the Court grants Defendant Buss' Motion and dismisses him from this action.   With regard to Defendants Langford, Sexton, and Mount, there are no factual allegations that these Defendants in their respective positions as Warden and Assistant Wardens, respectively, directed that the search and destruction of legal materials take place, or that they knew the incident would happen and failed to stop it.   Instead, the Amended Complaint alleges that this was a one time episode instigated by "security" in which Defendant Leavins directed the RRT to conduct a contraband search of the law library.  Consequently, the Amended Complaint fails to state claim against these supervisory Defendants.

The Amended Complaint alleges that Defendants Langford, Mount, and Wellhausen failed to "adequately investigate" the incident after it took place.   Amended Complaint at 19.   Liberally construed, it appears Plaintiff alleges a Fourteenth Amendment violation based on Defendants' failure to adequately investigate the claims set forth in his inmate grievances before responding.

-11-

See Doc. #52-2.  A review of Plaintiff's inmate grievances reveals that Defendants Langford, Mount, and Wellhausen were the individuals who responded to Plaintiff's inmate grievances. Plaintiff, however, has no § 1983 cause of action arising from the Defendants' respective responses to Plaintiff's inmate grievances. Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011)(stating prison grievance procedure does not provide an inmate with a constitutionally protected interest).  Consequently, the Court grants the Motion to Dismiss filed on behalf of Defendants Buss, Langford, Sexton, Mount, and Wellhausen.

To the extent Plaintiff names the library supervisor, Baysah, as a Defendant, the Amended Complaint contains no allegations regarding Baysah's involvement in the destruction of Plaintiff's legal materials.   In fact, the Amended Complaint contains allegations Baysah was not involved in the destruction of the materials.  See Amended Complaint at 10 (alleging Baysah said security "did all that" without any input from him); Id. at 8 (alleging Leavins directed destruction of legal materials). Consequently, the Court will grant Defendant Baysah's Motion to Dismiss.

### C.  Qualified Immunity

To the extent this action is proceeding against Defendant Leavins, Leavins argues that he is entitled to qualified immunity. Motion at 9-10.  Defendant states that Plaintiff has alleged no facts showing that Defendant acted outside of their discretionary

-12-

authority.  Id. at 10.  Defendant further asserts that his conduct did not violate clearly established constitutional law because the search for contraband was done to preserve internal order and discipline and maintain institutional security.  Id.

"[Q]ualified immunity provides that governmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Case v. Eslinger, 555 F.3d 1317, 1325 (11th Cir. 2009)(quotation marks and citation omitted).  The court must consider whether a constitutional right has been violated and whether the right was clearly established by the law at the time of the violation.  Saucier v. Katz, 533 U.S. 194, 200 (2001).

The Court cannot state that Plaintiff can prove no set of facts that would entitle him to relief against Defendant Leavins at this stage of the proceedings.  The Amended Complaint does not contest the validity of the search for contraband, or the prison regulation requiring approval before storing items in the law library. Instead, Plaintiff takes issue with the incidents that occurred during the search--specifically the destruction of all of his legal materials.  Accepting Plaintiff's allegations in the Amended Complaint as true, Plaintiff has adequately stated a First and Fourteenth Amendment constitutional violation arising out of Defendant Leavin's directive to throw away all legal documents.

-13-

Similarly, based on pre-existing law, this Court concludes that Defendant Leavins had a fair and clear warning that his alleged conduct was unlawful. Lewis, 518 U.S. 343; Bounds, 430 U.S. 817; Sandin v. Conner, 515 U.S. 472 (1995). For this reason, given Plaintiff's version of the events, Defendant Leavins is not entitled to qualified immunity at this Rule 12(b)(6) stage of the litigation. Thus, Defendant Leavin's Motion to Dismiss will be denied, and the parties will have the opportunity to further develop the facts with respect to Plaintiff's claim.

### D. Eleventh Amendment Immunity

Defendant Leavins raises Eleventh Amendment immunity to the extent Plaintiff seeks monetary damages against him in his official capacity. Motion at 10, 13.

The Eleventh Amendment grants States immunity from suits brought by private citizens in federal court. U.S. Const. Amend XI; Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (finding that Georgia sheriff, in his official capacity, was an arm of the state and entitled to Eleventh Amendment immunity). "The immunity does not extend to counties or other units of government." Rosario v. Amer. Corrective Counseling Serv., Inc., 506 F.3d 1039, 1043 (11th Cir. 2007). However, "'[t]he Eleventh Amendment protects a State from being sued in federal court without the State's consent,'" and also bars suits against a defendant acting as an "'arm of the State.'" Powell v. Barrett, 496 F.3d 1288, 1304 (11th Cir. 2007)(quoting Manders, 338 F.3d at 1308). Florida state

-14-

prison officials are immune under the Eleventh Amendment from § 1983 claims seeking monetary damages against them in their official capacities.   <u>Zatler v. Wainwright</u>, 802 F.2d 397, 400 (11th Cir. 1986).   <u>See also</u> <u>Gamble v. Florida Dep't of Health & Rehab. Servs.</u>, 779 F.2d 1509, 1512 (11th Cir. 1986).   Here, to the extent the Complaint seeks monetary damages against Defendant Leavins in his official capacity,  Defendant's Motion is granted.   However, the Amended Complaint also seeks declaratory relief, which is not barred by Eleventh Amendment immunity.   <u>Smith v. Fla. Parole and Probation Com'n</u>, Case  No. 2:10-cv-668-FtM-36DNF, 2011 WL 6317685 *6-*7 (M.D. Fla. Dec. 16, 2011)(citations omitted).

### E.   Pendent State Law Claims

The Amended Complaint generally references "pendent state tort" claims. Amended Complaint at 17. Defendants move to dismiss any State law claim on the basis that Plaintiff has failed to allege exactly what tort action should give rise to liability in this case.  The Court agrees.  The Amended Complaint fails to specify what specific legal theories under State law Plaintiff wishes to proceed.  To the extent the Court does not address any other claims contained in the Amended Complaint, the Court deems the claims to be without merit.

ACCORDINGLY, it is hereby

**ORDERED**:

1.   The Motion to Dismiss filed on behalf of Defendants Langford, Mount, Sexton, Leavins, Wellhausen, and Buss (Doc. #53)

is **GRANTED** as to Defendants Langford, Mount, Sexton, Wellhausen, and Buss; but, **DENIED** as to Defendant Leavins.

    2.  The Motion to Dismiss filed on behalf of Baysah (Doc. #61) is **GRANTED**.

    3.  Defendant Leavins shall file an Answer within twenty-one (21) days from the date on this Order.

    **DONE AND ORDERED** at Orlando, Florida, on this _____ day of March, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record